**Louis J. Esbin, Esq. (Cal.Bar No. 119705)**
**LAW OFFICES OF LOUIS J. ESBIN**
**27201 Tourney Road, Suite 122**
**Valencia, California  91355**
**Tel: 661-254-5050 | Fax: 661-254-5252**
**Email: Esbinlaw@sbcglobal.net**

Attorneys for Debtor in Possession, SKYMOUNTAIN COASTAL PROPERTIES, INC.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re | ) Chapter 11 Case |
| | ) |
| SKYMOUNTAIN COASTAL PROPERTIES, INC., | ) Bankr. No. 2:10-bk-31543-TD |
| a Florida corporation, | ) |
| | ) CHAPTER 11 PLAN OF REORGANIZATION. |
| Debtors in Possession. | ) |
| | ) Date: September 15, 2010 |
| | ) Time:  10:00 am |
| | ) Place:  Courtroom 1345 |
| _____ | ) 255 E. Temple St., Los Angeles, CA |

TO THE HONORABLE THOMAS DONOVAN, UNITED STATES BANKRUPTCY JUDGE, PARTIES IN INTEREST, AND COUNSEL OF RECORD:

NOTICE IS GIVEN that Debtor in Possession, SKYMOUNTAIN COASTAL PROPERTIES, INC. and a Florida corporation (the "Debtor"), by and through counsel of record, Louis J. Esbin, Esq., of the Law Offices of Louis J. Esbin, respectfully submits the attached Chapter 11 plan (the "Plan") proposed by the above-named Debtor. This Plan proposed under Chapter 11 of 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") provides for the restructuring of the debts of the above-named Debtor.  If confirmed, the Plan will bind all creditors provided for in the Plan, whether or not they file a proof of claim, accept the Plan, object to Confirmation, or have their claims allowed.  All creditors should refer to Articles I-IV of this Plan for the precise treatment of their claims.  A disclosure statement (the "Disclosure Statement") that provides additional information is being circulated with this Plan. The Disclosure Statement is explanatory only; the language used in the Plan is binding.  Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one.

**Article I**

**Classification and Treatment of Claims**

**Class 1:  Priority Claims**.

   This class includes allowed claims entitled to priority under § 507 of the Bankruptcy Code (except administrative claims under § 507(a)(2) and priority tax claims under § 507(a)(8), which are treated in Article II).  Debtor has creditors in Classes 1(a) though 1(f) as indicated (box marked):

☒  Debtor has no creditors in Class 1.

❑  Class 1(a):  claims entitled to priority under Bankruptcy Code § 507(a)(1).  Debtor proposes to pay each claim in Class 1(a) in full over N/A months time, with N/A% post-confirmation interest.  Payments will be made in N/A amortizing installments, due on the first day of each calendar month, starting on the first such date after the Effective Date.  This class is impaired and entitled to vote on confirmation of the Plan.  For instructions on voting, see Part 2 of the Disclosure Statement.  If this Class does not vote to accept the Plan, then as required by § 1129(a)(9)(B) each claim in the class will be paid in full on the Effective Date (except to the extent a holder of a claim in the class agrees to other terms).  To the extent that this class contains claims for professionals employed pursuant to court order but not yet allowed by the Court, payment will commence after entry of a court order allowing that claim.

❑  Class 1(b):  claims entitled to priority under Bankruptcy Code § 507(a)(3).  Debtor will pay claims allowed under § 502(f) and entitled to priority under § 507(a)(3) in full on the Effective Date, except to the extent a holder of such claim agrees to other terms as required by § 1129(a)(9)(A).  This class is not impaired and not entitled to vote on the Plan.

❑  Class 1(c):  claims entitled to priority under Bankruptcy Code § 507(a)(4).  Debtor proposes to pay each claim in Class 1(c) in full N/A months time, with N/A% post-confirmation interest.  Payments will be made in equal N/A amortizing installments, due on the first day of each calendar month, starting on the first such date after the Effective Date.  This class is impaired and entitled to vote on confirmation of the Plan.  For instructions on voting, see Part 2 of the Disclosure Statement.  If this Class does not vote to accept the Plan, then as required by § 1129(a)(9)(B) each claim in the class will be paid in full on the Effective Date (except to the extent a holder of a claim in that class agrees to other terms).

///

❑ Class 1(d): claims entitled to priority under Bankruptcy Code § 507(a)(5). Debtor proposes to pay each claim in Class 1(d) in full over N/A months time, with N/A% post-confirmation interest. Payments will be made in equal N/A amortizing installments, due on the first day of each calendar month, starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan. For instructions on voting, see Part 2 of the Disclosure Statement. If this Class does not vote to accept the Plan, then as required by § 1129(a)(9)(B) each claim in the class will be paid in full on the Effective Date (except to the extent a holder of a claim in that class agrees to other terms).

❑ Class 1(e): claims entitled to priority under Bankruptcy Code § 507(a)(6). Debtor proposes to pay each claim in Class 1(e) in full over N/A months time, with N/A% post-confirmation interest. Payments will be made in equal N/A amortizing installments, due on the first day of each calendar month, starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan. For instructions on voting, see Part 2 of the Disclosure Statement. If this Class does not vote to accept the Plan, then as required by § 1129(a)(9)(B) each claim in the class will be paid in full on the Effective Date (except to the extent a holder of a claim in that class agrees to other terms).

❑ Class 1(f): claims entitled to priority under Bankruptcy Code § 507(a)(7). Debtor proposes to pay each claim in Class 1(f) in full over N/A months time, with N/A% post-confirmation interest. Payments will be made in equal N/A amortizing installments, due on the first day of each calendar month, starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan. For instructions on voting, see Part 2 of the Disclosure Statement. If this Class does not vote to accept the Plan, then as required by § 1129(a)(9)(B) each claim in the class will be paid in full on the Effective Date (except to the extent a holder of a claim in that class agrees to other terms)

**Class 2 : Mortgage(s) on unimpaired secured claims**.

This class includes claims secured by a lien on property in which Debtor has an interest(s) that is (are) unimpaired under the Plan. Debtor will cure any default that occurred before or after the petition date in this case, reinstate the maturity of that claim as such maturity existed before the default, maintain current payments, and not otherwise alter the legal, equitable or contractual rights to which that claim entitles the holder of the claim. All arrearages shall be paid in full on the Effective Date, unless the holder

of the claim agrees to other terms. Regular payments made thereafter will be made when due under the documents governing the claim.

These classes are unimpaired and not entitled to vote on the Plan.

| Class | Creditor | Collateral | Indebtedness | Arrearages | Monthly Payment |
|-------|----------|------------|--------------|------------|-----------------|
| 2(a) | none | N/A | $0.00 | $0.00 | $0.00 |
| 2(b) | none | N/A | $0.00 | $0.00 | $0.00 |
| 2(c) | none | N/A | $0.00 | $0.00 | $0.00 |
| Total | | | $0.00 | $0.00 | $0.00 |

**Class 3: Other Secured Claims including Debtor's Primary Residence.**

This class includes claims secured by a lien on property in which Debtor has an interest, other than the unimpaired secured claims in Class 2, to the extent of the value of that creditor's interest in the Estate's interest in the property, pursuant to § 506 of the Bankruptcy Code. The amount of the claim, if any, in excess of the secured claim is an unsecured claim in Class 3. However if the claim is secured solely by the Debtor's Principal Residence and there is any amount of equity to at least partially secure the claim, the claim will be paid in full as a secured claim in this class. § 1123(b)(5).

There are a number of scenarios possible, depending upon the valuation of the Real Property and the treatment of McGuire given the fraudulent misrepresentation of the value of the Seabreeze at the time of the purchase in September 2004.

Scenario A: Cramdown of Original Note Amount to Current Value of Property.

According to the Federal Reserve, as of July 19, 2010, the Prime Rate is 3.25%. In this instance, the Debtor's mortgage payment history evidences that following the initial down payment of $325,000, the Debtor made 58 consecutive and timely payments of $5,104.17, for a total received as of July 31, 2009, of $621,041.86. Therefore with a finding, for example, that the Seabreeze is valued at $400,000, a reasonable Till rate of interest would be 4.25%, which amortized over 240 months would yield monthly principal and interest payments of $2,476.94, yielding an additional $594,465.60, or a total payment on the purchase price of $1,200,000 of $1,215,507.40. The Debtor's ability to support these payments, as well as a budget for necessary repairs and maintenance, are supported by the projected 6 month budget attached and incorporated by reference to the Plan and Disclosure Statement.

<u>Scenario B: Reduction of Original Purchase Price to Appraised Value as of November 20, 2003, and New Note Based Upon Down Payment and Application of 58 Months of Payments.</u>

Assuming that the original purchase price should have been $845,000, and the Debtor made a down payment of $325,000 (38.46%), the balance of the original note should have been $520,000. Considering, further that because of the significant down payment of 38.46% of the purchase price interest accrued at a 6% Note rate, with the same 30 year amortization, the interest only payments would have been $2,600, and principal and interest payment would have been $3,117.66. The Debtor, however, made monthly payments of $5,041.17 per month. Applying the extra monthly payment of $1,923.51 against principal, as of July 2009 the Debtor effectively reduced principal to $352,761.05. In the very minimum, because of her fraud, McGuire should not be paid any accrued interest, attorneys fees or costs from July 2009. The new note payment amortized over 180 months at 4.25%, would be $2,653.75. The Debtor's ability to support these payments, as well as a budget for necessary repairs and maintenance, are supported by the projected 6 month budget attached and incorporated by reference to the Plan and Disclosure Statement.

<u>Scenario C: Reduction of Original Purchase Price to Appraised Value as of November 20, 2003, and Application of All Payments to Reduce Principal</u>.

Assuming that the original purchase price should have been $845,000, and the Debtor made a down payment of $325,000 (38.46%), the balance of the original note should have been $520,000. Considering, further that because of the significant down payment of 38.46% of the purchase price interest accrued at a 6% Note rate, with the same 30 year amortization, the interest only payments would have been $2,600, and principal and interest payment would have been $3,117.66. The Debtor, however, made monthly payments of $5,041.17 per month for a total paid of $292,387.86. But, because Debtor has reason to believe that McGuire did not treat the interest only payments for tax purposes as income, the Debtor should receive the further benefit of McGuire's false representations of under-reported income to the government by applying each of the payments to reduce the principal balance of the note to $227,612.14. In the very minimum, because of her fraud, McGuire should also not be paid any accrued interest, attorneys fees or costs from July 2009. The new note payment amortized over 120 months at

4.25%, would be $2,331.60.  The Debtor's ability to support these payments, as well as a budget for necessary repairs and maintenance, are supported by the projected 6 month budget attached and incorporated by reference to the Plan and Disclosure Statement.

The following chart lists Class 3 claims and their proposed treatment under the Plan under Scenario B.  Monthly payments will be due on the first day of the month.

**Class 3(a)**

| | | | |
|---|---|---|---|
| Secured Claimant | Virginia L. McGuire | | |
| Collateral Description | 311 Harrison Avenue, Avon By the Sea, Cape Canaveral, Florida 32920 (APN 311 Harrison Avenue (Lot 8 & E 35 ft of Lot 7 Blk 36); 388 Tyler Avenue, Avon by the Sea, Cape Canaveral, FL (W 40 ft of Lot 15 Blk 38); 390 Tyler Avenue, Avon by the Sea, Cape Canaveral, FL (Lot 16 & E 10 ft of Lot 15 Blk 38) | | |
| Recorded Date (Priority) | September 24, 2004 | | |
| Collateral Value (Date) | $400,000.00 | May 27, 2010 | |
| Current Principal Amount | | | $936,952.96 |
| Prepetition Arrears | | $61,952.96 | |
| Post Petition Arrears (if any) | | $10,208.34 | |
| Total Arrears to be Cured | | $0.00 | |
| Current Total Indebtedness (Claim) | | | $947,161.30 |
| Current Monthly Payment | | | $5,104.17 |
| New Note Amount (Scenario C) | | $227,612.14 | |
| Plan Payment Begin Date | October 15, 2010 | | |
| Plan Payment End Date | September 15, 2020 | | |
| Plan Duration (months) | 120 | | |
| Interest Rate | 4.25% | | |
| Plan Payment | | | $2,331.60 |
| Balloon Payment (if any) | | | |

///

///

**Class 3(b)**

| | |
|---|---|
| Secured Claimant | Brevard County Tax Collector |
| Collateral Description | 311 Harrison Avenue, Avon By the Sea, Cape Canaveral, Florida 32920 (APN 311 Harrison Avenue (Lot 8 & E 35 ft of Lot 7 Blk 36); 388 Tyler Avenue, Avon by the Sea, Cape Canaveral, FL (W 40 ft of Lot 15 Blk 38); 390 Tyler Avenue, Avon by the Sea, Cape Canaveral, FL (Lot 16 & E 10 ft of Lot 15 Blk 38) |
| Recorded Date (Priority) | May 27, 2010 |
| Collateral Value (Date) | $400,000.00                      May 27, 2010 |

| | | |
|---|---|---|
| Current Principal Amount | 311 Harrison | $3,660.39; |
| | 388 Tyler | $1,782.29 |
| | 390 Tyler | $3,093.46 |
| Prepetition Arrears | | $8,536.14 |
| Post Petition Arrears (if any) | $0.00 | |
| Total Arrears to be Cured | $8,536.14 | |
| Current Total Indebtedness (Claim) | | $8,536.14 |

| | | |
|---|---|---|
| Current Monthly Payment | | 0.00 |
| Plan Payment Begin Date | October 15, 2010 | |
| Plan Payment End Date | December 15, 2010 | |
| Plan Duration (months) | 1 | |
| Interest Rate | 0.00% | |
| Plan Payment | | $2,845.05 |
| Balloon Payment (if any) | | |

     If a secured creditor disputes the value of its collateral as stated above by Debtor, that secured creditor must timely file an objection to confirmation of the Plan, or the value stated by Debtor will be determined to be the value of the collateral. The objection shall be accompanied by competent evidence of valuation, which need not include an appraisal. If the value of the collateral is disputed, the Court, after consultation with the parties, will schedule a hearing for determining value.

///

To the extent that there are any defaults that are not being cured or paid in full on or before the Effective Date, those classes are impaired and entitled to vote on the Plan. See Part 2 of the Disclosure Statement for instructions on voting.

**Class 4:  General Unsecured Claims**.

**Class 4(a):  Small Claims**. This class consists of creditors whose allowed claims are $5,000 or less or who elect to reduce their allowed claim to 50% will receive a single payment equal to 100% of their allowed claim shortly after the Plan is confirmed. See Article I, Class 4 of the Plan. This class is unimpaired and not entitled to vote on the plan. Class 4(a) is a "convenience class" of unsecured claims, which is permitted under § 1122(a) if such a class is "reasonable and necessary for administrative convenience."

**Class 4(b):  Other General Unsecured Creditors**. This class includes all allowed unsecured claims not in Class 4(a). Each member of Class 4(b) shall be paid 20% of its claim over 36  months in equal months installments, due on the first day of each calendar (month/quarter), starting on the first such date after the Effective Date.

This class is impaired and entitled to vote on confirmation of the Plan. For instructions on voting, see Part 2 of the Disclosure Statement.

Undisputed Class 4 claims, as of this date, are listed on Exhibit C to the Disclosure Statement.

**Article II**

**Treatment of Unclassified Claims**

Under Bankruptcy Code § 1123(a)(1), (i) administrative expense claims allowed under Bankruptcy Code § 503(b) and entitled to priority under § 507(a)(2)(including the claims of professionals, United States Trustee fees and domestic support obligations arising post-petition) and (ii) priority tax claims under § 507(a)(8) are not classified and are not entitled to vote on confirmation of the Plan. These claims shall be treated as follows:

**A. Professional Fees**. Professional fees may only be paid upon application to and approval by the Bankruptcy Court. Debtor will pay the professional fees in full in cash on the later of (i) the Effective Date or (ii) approval by the Court, except to the extent that a holder of such claim agrees to other terms.

**B. Other Administrative Claims**.  Debtor will pay other claims allowed under § 503(b) and entitled to priority under § 507(a)(2), including as required by § 1129(a)(14) domestic support obligations arising post-petition, and U.S. Trustee fees, in full on the Effective Date (although expenses arising and paid in the ordinary course of Debtor's financial affairs may be paid as due), except to the extent that a holder of these claims agrees to other terms.

**C. Tax Claims**.  Debtor will pay claims entitled to priority under § 507(a)(8) in full over time with 0% interest in  equal amortizing payments in accordance with § 511 of the Bankruptcy Code.   Payments will be made quarterly, due on the first day of the quarter, starting on the first such date after the Effective Date and ending on the last such date that is no more than 5 years after the petition date.  Payment of priority tax claims in full within 5 years of the order for relief and on terms not less favorable than those accorded the most favored non-priority creditor is required by § 1129(9)(C).

## Article III

## Allowance and Disallowance of Claims

**A. Disputed Claim**.  A disputed claim is a claim that has not been allowed or disallowed and as to which either:  (i) a proof of claim has been filed or deemed filed and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed and the Debtor has scheduled such claim as disputed, contingent, unliquidated or unknown.

**B. Delayed Distribution on Disputed Claims**.  No distribution will be made on account of a disputed claim unless that claim is allowed by final non-appealable order.

**C. Settlement of Disputed Claims**.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## Article IV

## Executory Contracts and Unexpired Leases

**A. Executory Contracts and Leases Assumed**.  The Debtor assumes the following executory contracts and unexpired leases, effective upon the Effective Date, and shall perform all obligations thereunder, both pre-confirmation and post-confirmation:

**Lessor/Counterparty**:

| | | |
|---|---|---|
| Property Address/Description | none | |
| Contract Start Date | N/A | |
| Contract Maturity Date | N/A | |
| Current Monthly Payment | | N/A |
| Prepetition Arrears (if any) | | 0.00 |
| Post Petition Arrears (if any) | | 0.00 |
| Proposed Monthly Cure | | 0.00 |

Any pre-confirmation arrearages shall be paid by the Effective Date, unless the parties agree otherwise or the Court finds that a proposed payment schedule provides timely cure and adequate assurance of future performance. Post-confirmation obligations will be paid as they come due.

**B. Executory Contracts and Leases Rejected**.  The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not previously assumed or listed in A above, as of the Effective Date.  A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.  Claims arising from the rejection of an executory contract or unexpired lease under this section are general unsecured claims in Class 4, except to the extent this court orders otherwise.

## Article V

### Means of Implementation

The Plan will be funded through:

☒    a.    $20,000 of cash available on the date of the Plan Confirmation Hearing;

☒    b.    Debtor calculates Debtor's projected monthly disposable income for the 36 period following confirmation will be $3,333.34. This is based on projected monthly income of $10,666.67 and expenses of $7,333.33 set forth on Debtor's Declarations of Current/Post-Petition Income and Expenses (Local Bankruptcy Rule Form 3015-1.20), which have been prepared as of July 28, 2010 and are attached hereto as Exhibit A; or

❑    c.    other sources of funding, as follows:

1    Continued operation of Seabreeze Efficiency Apartments.

2    Please see Part 3 of the Disclosure Statement for further details of these projections.

3

4    **Article VI**

5    **Discharge and Other Effects of Confirmation**

6    **A.  Discharge**.  Upon completion of all payments under the Plan, the Debtor will receive a

7    discharge of all pre-confirmation debts, whether or not the creditor files a proof of claim, accepts the Plan,

8    or has its claim allowed, except as provided in § 1141 of the Bankruptcy Code.23  Such discharge will not

9    discharge Debtor from any debts that are non-dischargeable under § 523 of the Bankruptcy Code.

10    **B.  Vesting of Property**.  On the Effective Date, all property of the estate will vest in the

11    reorganized debtor pursuant to § 1141(b) of the Bankruptcy Code, free and clear of all claims and interests

12    except as provided in the Plan.

13    **C.  Plan Creates New Obligations**.  The payments promised in the Plan constitute new

14    contractual obligations that replace those obligations to creditors that existed prior to the Effective Date.

15    **D.  Creditor Action Restrained**.  Creditors may not take any action to enforce either

16    pre-confirmation obligations or obligations due under the Plan, so long as the Debtor is not in Material

17    Default under the Plan.  If the Debtor is in Material Default under the Plan, then affected creditors may:

18    (i) take any actions permitted under non-bankruptcy law to enforce the terms of the Plan or (ii) move to

19    dismiss this case or to convert this case to a Chapter 7 bankruptcy case.

20    **E.  Material Default Defined**.  If Debtor fails to make any payment required under the Plan, or to

21    perform any other obligation required under the Plan for more than 14 days after the time specified in the

22    Plan, the affected creditor may serve upon Debtor and Debtor's attorney (if any) a written notice of default.

23    The Debtor is in Material Default under the Plan if the Debtor fails within 21 days of the service of such

24    notice of default either:  (i) to cure the default or (ii) to obtain from the Court an extension of time to cure

25    the default or a determination that no default occurred.

26    **F.  Retention of Jurisdiction**.  This court will retain jurisdiction to the extent provided by law.

27    ///

28    ///

11

**Article VII**

**General Provisions**

    **A.  Definitions and Rules of Construction**.  The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Code are used in the Plan.

    **B.  Effective Date of Plan**. The Effective Date of the Plan is 15 days following the date of the entry of the order confirming the Plan. But if a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

    **C.  Severability**. If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

    **D.  Cramdown**.  Debtor reserves the right to seek confirmation of the Plan notwithstanding the rejection of the Plan by one or more classes of creditors, pursuant to § 1129(b) of the Bankruptcy Code.

    **E.  Binding Effect**. The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

    **F.  Captions**. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of the Plan.

    **G.  Controlling Effect**. Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of California govern the Plan and any agreements, documents, and instruments executed in connection with the Plan, except as otherwise provided in this Plan.

///

///

///

///

///

///

///

1  WHEREFORE, Debtor does respectfully request that the Court duly consider and approve of the

2  CHAPTER 11 PLAN OF REORGANIZATION.

3  Dated:  July 29, 2010                                    SKYMOUNTAIN COASTAL PROPERTIES, INC.

4

5  _____

6                                                                          SKYMOUNTAIN COASTAL PROPERTIES, INC.,
                                                                             Debtors in Possession

7

8  Dated:  July 29, 2010                                    LAW OFFICES OF LOUIS J. ESBIN

9                                                                          /s/ Louis J. Esbin

10                                                                         BY _____
                                                                              LOUIS J. ESBIN, ESQ.
11                                                                           Attorneys for DEBTOR

12  SkyMntn Plan-Disclosure (07.28.2010).wpd

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

| | |
|---|---|
| In re  SKYMOUNTAIN COASTAL PROPERTIES, INC., <br> a Florida corporation, <br><br>                                            Debtor(s) | Chapter 11 <br><br> Bankruptcy Case No. 2:10-bk-31543-TD |

**NOTE**: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Law Offices of Louis J. Esbin <br>
27201 Tourney Road, Suite 122, Valencia, California 91355

A true and correct copy of the foregoing document described **CHAPTER 11 PLAN OF REORGANIZATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On July 29, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Louis J. Esbin (esbinlaw@sbcglobal.net)          Dare Law (dare.law@usdoj.gov)

Gregory Salvato (gsalvato@salvatolawoffices.com)    ❑ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On July 29, 2010  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Thomas Donovan                    ☒ Service information continued on attached page
Crtrm 1352, 255 E Temple St., Los Angeles, CA 90012

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 29, 2010 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

                                            ❑ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| July 29, 2010 | Linda Dekker | /s/ Linda Dekker |
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## PROOF OF SERVICE LIST
In re SkyMountain Coastal Properties, Inc.
Bankruptcy Case No. 2:10-bk-31543-TD

ELECTRONICALLY SERVED

United States Trustee
Dare Law, Esq.
Offices Of The United States Trustee
725 S. Figueroa Street, Suite 2600
Los Angeles, CA 90012

Counsel for Debtor
Louis J. Esbin, Esq.
Law Offices of Louis J. Esbin
27201 Tourney Road, Suite 122
Valencia, California 91355-1857

Counsel for Virginia McGuire
Gregory Salvato, Esq.
Salvato Law Offices
333 S. Grand, Suite 2500
Los Angeles, CA 90071

SERVED BY MAIL

Debtor
SkyMountain Coastal Properties, Inc.
Law Offices of Louis J. Esbin
27201 Tourney Road, Suite 122
Valencia, California 91355-1804

Secured Creditors
Brevard County Tax Collector
400 South St., 6th Floor
Titusville, FL 32780

Virginia L. McGuire
C/O Volk Law Offices, P.A.
700 S. Babcock Street, Suite 402
Melbourne, FL 32901

General Unsecured  Creditors
Blank Rome
301 Carnegie Ctr., Ste 303
Princeton, NJ 08540-6589

Steven H. Naturman
2 Datran Ctr.
9130 S Dadeland Blvd, Ste. 1509
Miami, FL 33156-7850

Equity Interest Holders
Rose Singer
c/o Law Offices Of Louis J. Esbin
27201 Tourney Road, Suite 122
Valencia, CA 91355

Susan Esbin
c/o Law Offices Of Louis J. Esbin
27201 Tourney Road, Suite 122
Valencia, CA 91355

Property Manager (Courtesy Notice)
Marie Addington
5681 Hudson Rd.
Cocoa, FL 32927